# Rellihan v. Pennsylvania Company, Appellant.

*Negligence—Railroads—Bridge—Defective  hand  rail—Contributory negligence—Case  for  jury.*

In an action against a railroad company to recover damages for death of plaintiff's husband caused by the defective condition of a hand rail of an overhead bridge, the question of the deceased's contributory negligence is for the jury where there is no evidence that he had actual notice of the condition of the hand rail, or that its defective condition was so obvious and apparent that he must have known the condition from passing over the bridge daily.

Argued Oct. 21, 1909.  Appeal, No. 118, Oct. T., 1909, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1906, No. 63, on verdict for plaintiff in case of Margaret A. Rellihan v. Pennsylvania Company, Operating the Pittsburg, Fort Wayne & Chicago Railroad.  Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.  Affirmed.

Trespass to recover damages for death of plaintiff's husband.  Before DAVIS, J.

At the trial the jury returned a verdict for plaintiff for $5,000.

On a motion for judgment non obstante veredicto, DAVIS, J., filed the following opinion:

The defendant contends that the evidence in this case shows such contributory negligence on the part of deceased that the plaintiff cannot recover and that the jury should have been so instructed as requested by the defendant on the trial of the case.

The defendant company, by authority of the city of Allegheny, had erected a foot bridge for public use over its tracks known as the Island Avenue bridge, and under the ordinance authorizing the erection of the bridge it was the duty of the defendant to maintain and keep the structure in repair.  On both sides of the bridge were hand rails about twenty-eight

inches in height for the purpose of protecting the public in crossing the bridge.

It appeared from the testimony that one of the hand rails had become loose, weak or "rotten" as described by the witness, for such length of time that the defendant would have constructive notice of its defective condition. The hand rail had a play of twelve to fifteen inches, that is, when force was applied it would sway from six to eight inches either way from an upright position.

Mr. Rellihan, the husband of plaintiff in this case, was passing over this bridge on March 22, 1905, and as he ascended the steps on the bridge he had his hand on this defective hand rail, when he slipped and fell back against the hand rail. The hand rail not being firm, and not giving him proper support, and swaying away from him, caused him to lose his balance and fall backward over the hand rail to the street below, causing his death.

The deceased crossed this bridge daily in going to and from his work, and counsel for defendant contends in his argument on this motion that if the hand rail was in such defective condition as to visit the defendant company with notice of its condition, that it ought also to bring notice to the decedent, who passed over the bridge daily.

The decedent stood in an entirely different position than the defendant. The defendant owed a duty to the public to keep and maintain the hand rail in good repair and in safe condition to protect those using the bridge. The deceased had the right to use the bridge and cannot be held to notice unless the defective condition of the hand rail was such as to give him actual notice. There was no evidence in the case that he knew or had actual notice of the condition of the rail, nor was the condition of the hand rail so obvious or apparent as to give him actual notice of the danger, nor was evidence sufficient for the court to say, as a matter of law, that he could have had actual notice the day of the accident when he ascended the steps of the bridge, having his hand on this defective rail. The hand rail at all times presumably stood in its natural upright position, and required pressure or force to

ascertain that it would give way. Mr. Louis Laibold, a witness, said he knew it swayed a foot because he had tested it. Mrs. Rellihan testified that she examined the rail directly after the accident; that it swayed "from eight to ten inches, and from a foot to a foot and a half by giving it a good shove. If you laid up against it temporarily it would sway from eight to ten inches," that is, by using force or pressure it would give each way eight to ten inches, or an entire movement of a foot to a foot and a half.

The duty of the deceased was ordinary care under all the circumstances, and no evidence appearing in this case that he had actual notice of the condition of the hand rail, or that its defective condition was so obvious and apparent that he must have known the condition, from passing over the bridge daily, or that in ascending the stairs and passing over the bridge on the day of the accident, with his hand on the rail, he was using sufficient force or pressure to give him actual notice that he could not rely on the hand rail for support and protection, the court could not say—as a matter of law—that he was guilty of contributory negligence.

The court is therefore of opinion, that it was for the jury to say, under all the evidence and the circumstances of the case, whether the decedent was guilty of contributory negligence or not, and the motion for judgment non obstante veredicto is refused, with leave to plaintiff to enter judgment on the verdict.

*Errors assigned* were (1) refusal of binding instructions for defendant; (2) in overruling motion for judgment for defendant non obstante veredicto.

*R. H. Hawkins*, of *Dalzell, Fisher & Hawkins*, for appellant.

*James W. Kinnear*, with him *T. D. McCloskey & W. E. Best*, for appellee.

PER CURIAM, January 3, 1910:
The judgment is affirmed on the opinion of the learned judge of the common pleas.